1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RENEE L. NETHERTON,

11            Plaintiff,                          No.  CIV S-06-1354 DAD

12       v.

13   MICHAEL J. ASTRUE,                           ORDER
     Commissioner of Social Security,[1]
14
              Defendant.
15   _____/

16            This social security action was submitted to the court, without oral argument, for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion for summary judgment is granted,

19   the decision of the Commissioner of Social Security (Commissioner) is reversed, and this matter

20   is remanded with the direction to grant benefits.

21                              **PROCEDURAL BACKGROUND**

22            In January 2004, plaintiff Renee Netherton applied for disability benefits under

23   Title II and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security

24   Act (Act).  (Transcript (Tr.) at 49-52.)  The application was denied on March 17, 2004, and

25   _____

26       [1]  Michael J. Astrue has been substituted for Jo Anne B. Barnhart as defendant in this suit
     pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

                                               1

plaintiff's request for reconsideration was denied on June 16, 2004.  (Tr. at 36-40, 43-47.)

Pursuant to plaintiff's request dated June 29, 2004, a hearing was held before an administrative

law judge (ALJ) on February 3, 2005, at which time plaintiff was represented by counsel.  (Tr. at

48, 695-718.)  In a decision issued on April 28, 2005, ALJ Mark C. Ramsey determined that

plaintiff was not disabled.  (Tr. at 14-25.)  The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2.  The claimant's polysubstance abuse, bipolar disorder, and asthma are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c) and 416.920(c).
>
> 3.  The claimant's medically determinable polysubstance abuse meets listing 12.09, Appendix 1, Subpart P, Regulation No. 4.
>
> 4.  The undersigned finds the claimant's allegations regarding his [sic] limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5.  The claimant has the residual functional capacity, in the absence of DAA, to perform simple, routine, repetitive tasks with limited contact with the public consistent with unskilled work.  She is capable of light work, i.e., lift/carry 20 pounds occasionally and ten pounds frequently, sit, stand or walk about six out of eight hours.  In addition, she should avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc.
>
> 6.  The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565 and 416.965).
>
> 7.  The claimant is a "younger individual" (20 CFR § 404.1563 and 416.963).
>
> 8.  The claimant has "more than a high school education" (20 CFR § 404.1564 and 416.964).
>
> 9.  The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568 and 416.968).

/////

10.    The claimant has the residual functional capacity to perform substantially all of the full range of light work (20 CFR § 416.967).

11.    Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.20, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

12.    The claimant's capacity for light work is substantially intact and has not been compromised by any exertional limitations.  Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.

13.    Drug addiction and/or alcoholism are contributing factors material to the determination of disability.

14.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

(Tr. at 23-24.)  Plaintiff requested review of the ALJ's decision on June 27, 2005.  (Tr. at 12-13.) The Appeals Council declined review on April 21, 2006.  (Tr. at 6-8.)  Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 19, 2006.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

1    A reviewing court must consider the record as a whole, weighing both the

2    evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760

3    F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum

4    of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

5    substantial evidence supports the administrative findings, or if there is conflicting evidence

6    supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

7    Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

8    improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

9    1335, 1338 (9th Cir. 1988).

10    In determining whether or not a claimant is disabled, the ALJ should apply the

11    five-step sequential evaluation process established under the Social Security regulations.  Title 20

12    of the Code of Federal Regulations, Section 404.1520, sets forth the test used to assess disability.

13    See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The five-step process can be summarized

14    as follows:

15    Step one: Is the claimant engaging in substantial gainful activity?
      If so, the claimant is found not disabled.  If not, proceed to step
16    two.

17    Step two: Does the claimant have a "severe" impairment?  If so,
      proceed to step three.  If not, then a finding of not disabled is
18    appropriate.

19    Step three: Does the claimant's impairment or combination of
      impairments meet or equal an impairment listed in 20 C.F.R., Pt.
20    404, Subpt. P, App. 1?  If so, the claimant is conclusively
      presumed disabled.  If not, proceed to step four.
21
      Step four: Is the claimant capable of performing his past work?  If
22    so, the claimant is not disabled.  If not, proceed to step five.

23    Step five: Does the claimant have the residual functional capacity
      to perform any other work?  If so, the claimant is not disabled.  If
24    not, the claimant is disabled.

25    Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

26    /////

4

1    The claimant bears the burden of proof in the first four steps of the sequential

2   evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the

3   sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098

4   (9th Cir. 1999).

5                                    **APPLICATION**

6                Plaintiff advances four arguments in her motion for summary judgment.  First, she

7   asserts that the ALJ erred in finding drugs and/or alcohol to be a material contributing factor in

8   the determination of her disability.  Second, she contends that the ALJ failed to provide

9   legitimate reasons for rejecting the opinion of her treating psychiatrist.  Third, she argues that the

10  ALJ did not provide legally sufficient reasons for rejecting her own testimony.  Fourth, she

11  maintains that the ALJ erred in finding her not disabled based on application of the grids, despite

12  significant non-exertional limitations.  The court finds plaintiff's first and second arguments to

13  be dispositive.

14                Plaintiff applied for benefits on the ground that she was disabled due to bipolar

15  disorder, post-traumatic stress disorder, anxiety, alcohol addiction, and drug addiction.  (Tr. at

16  18.)  The ALJ found no evidence of post-traumatic stress disorder or any other anxiety-related

17  disorder but determined that plaintiff suffers from the severe impairments of polysubstance

18  abuse, bipolar disorder, and asthma.  (Tr. at 19-20, 23.)  The ALJ determined that plaintiff's

19  polysubstance abuse meets the requirements of Listing 12.09.  (Tr. at 19.)

20                When a claimant has an impairment or a combination of impairments that meets a

21  listed impairment, the claimant is conclusively presumed disabled at step three of the five-step

22  sequential process.  However, "[a] finding of 'disabled' under the five-step inquiry does not

23  automatically qualify a claimant for disability benefits."  Bustamante v. Massanari, 262 F.3d 949,

24  954 (9th Cir. 2001).  Pursuant to the Contract with America Advancement Act, Pub. L. No. 104-

25  121, 110 Stat. 847 (March 29, 1996), an individual cannot be considered disabled for purposes of

26  benefits under Title II or Title XVI if alcoholism or drug addiction is a contributing factor

1  material to the Commissioner's determination of disability.  Id. (citing 42 U.S.C. §§ 423(d)(2)(C)

2  & 1382c(a)(3)(J)).[2]  If at any point during the five-step sequential process a claimant is found to

3  be disabled and there is medical evidence of drug addiction and/or alcoholism (DAA), the

4  Commissioner must determine whether the claimant's substance abuse is a contributing factor

5  material to the determination of disability.  Id. (citing 20 C.F.R. §§ 404.1535(a) & 416.935(a)).

6  
7  
8  
9  
10 
> The "key factor . . . in determining whether alcoholism or drug addiction is a contributing factor material to the determination of disability" is whether an individual would still be found disabled if she stopped using alcohol or drugs.  20 C.F.R. § 404.1535(b)(1). "In making this determination, [the Commissioner] will evaluate which of [the claimant's] current physical and mental limitations . . . would remain if [she] stopped using drugs or alcohol and then determine whether any or all of [her] remaining limitations would be disabling."  20 C.F.R. § 404.1535(b)(2).

11  Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998) (alterations in original).  Put another

12  way, if the claimant has a severe impairment or impairments other than DAA, it is necessary to

13  "distinguish between substance abuse contributing to the disability and *the disability remaining*

14  *after the claimant stopped using drugs or alcohol*."  Id. (emphasis in original).  See also

15  Bustamante, 262 F.3d at 954-55; Ball v. Massanari, 254 F.3d 817, 822 (9th Cir. 2001).  The

16  claimant bears the burden of proving that DAA is not a contributing factor material to his or her

17  disability.  Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).

18          Here, the ALJ found that plaintiff is impaired by polysubstance addiction and that,

19  "considering only DAA," plaintiff is disabled because her polysubstance addiction meets the

20  requirements for Listing 12.09.  (Tr. at 19.)  The ALJ then turned to a consideration of whether

21  plaintiff would still be found disabled if she stopped using drugs and/or alcohol, noting that

22  "[t]his is accomplished by considering which of the limitations would remain if [plaintiff]

23  /////

24  

25          [2]  The two statutes contain identical language providing that individuals "shall not be
26  considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."

stopped using substances and then determining whether any remaining limitations would be

disabling." (Id.)

          The ALJ considered plaintiff's asthma and identified this impairment as severe.

(Tr. at 19, 23.) However, the ALJ found that the only limitation that would remain as a result of

plaintiff's asthma impairment was a need to "avoid even moderate exposure to fumes, odors,

dusts, gases, poor ventilation, etc." (Tr. at 19-20.)

          Next, the ALJ considered plaintiff's allegations of bipolar disorder, post-traumatic

stress disorder, and anxiety:

> [Plaintiff] also has a mental impairment. The evidence shows that she has a bipolar disorder that is aggravated by her drug and alcohol use. She admitted that periodically she drinks and uses drugs and her mental condition worsens. She becomes depressed, is not compliant with treatment, and has an increase in her bipolar symptoms. (Ex 2F-5F, 12F, 17F, 18F)

> [Plaintiff] alleges she has post traumatic stress disorder (PTSD) but there is no evidence of PTSD or other anxiety-related disorder.

> The state agency physician opined that, in the absence of DAA that [plaintiff's] impairments would not meet listing 12.09 or any other listing such as 12.04 as she would have only mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace. She would not have repeated episodes of decompensation of extended duration. (Ex 14F)

> The state agency physician also opined that, in the absence of DAA, [plaintiff] is capable of simple, routine, repetitive tasks with limited public contact. (Ex 9F, 16F)

> Subsequent to that determination, Michael Zoglis [sic], M.D., [plaintiff's] treating doctor, stated [plaintiff] has bipolar type 1 with episodes of mania and depression, poor concentration, poor judgment, and mood lability only partially responsive to medication. Dr. Zoglis [sic] opined [plaintiff] has poor or none (no useful ability to function) in her ability to deal with the public, use judgment, deal with work stresses, function independently, maintain attention/concentration, understand, remember, and carry out simple to detailed or complex instructions, relate predictably in social situations or demonstrate reliability. Dr. Zoglis [sic] also opined she has a fair (seriously limited but not precluded) ability to

/////

1    follow work rules, relate to co-workers, interact with supervisors,
2    and to behave in an emotionally stable manner.  (Ex 17F, 18F)

3    (Tr. at 20.)

4           After finding that plaintiff suffers the severe impairment of bipolar disorder and

5    that this impairment does not meet or equal a listed impairment, the ALJ proceeded to a step-four

6    determination of plaintiff's residual functional capacity based on her bipolar disorder and asthma.

7    (Tr. at 20-21, 23.)  The ALJ found plaintiff capable of performing simple, routine repetitive tasks

8    with limited contact with the public, consistent with unskilled work, as long as she is restricted to

9    light work and avoids even moderate exposure to fumes, odors, dusts, gases, poor ventilation,

10   and similar conditions.  (Tr. at 20-21.)

11          The ALJ relied on the findings and conclusions of state agency physicians,

12   characterizing these physicians' conclusions as "supported by objective clinical signs and

13   findings" and asserting that "[t]he records do show that [plaintiff's] mental condition improves

14   when she is compliant with medications and avoids drugs and alcohol . . . to the point that she is

15   able to perform unskilled work."  (Tr. at 21.)  Although the ALJ conceded that a treating

16   physician's opinion, if well supported and not inconsistent with other substantial evidence in the

17   case record, must be given controlling weight and adopted, the ALJ rejected Dr. Zoglio's opinion

18   on the ground that Dr. Zoglio "has not taken into consideration the effect of drug and/or alcohol

19   use on [plaintiff's] functioning."  (Id.)  The ALJ emphasized that plaintiff "often made

20   contradictory statements about drug and/or alcohol use" and was clearly "not truthful" about her

21   drug and alcohol use.  (Id.)  The ALJ also cited evidence that plaintiff's mental condition

22   improves when she is compliant with medications and avoids drugs and alcohol.  (Id.)  For these

23   reasons, the ALJ declined to credit the limitations noted by Dr. Zoglio.  (Id.)  While the ALJ

24   "considered the testimony of [plaintiff] that she has a bipolar disorder severely limiting her

25   ability to work and that she is no longer abusing alcohol and drugs," he dismissed that testimony

26   as "inconsistent with the medical records that show recurrent periods of alcohol and drug abuse,

8

1   denials by [plaintiff] of alcohol and drug abuse despite evidence to the contrary, and medication

2   noncompliance." (Id.)

3          The weight to be given to medical opinions depends in part on whether they are

4   proffered by treating, examining, or non-examining professionals. Lester, 81 F.3d at 830. "As a

5   general rule, more weight should be given to the opinion of a treating source than to the opinion

6   of doctors who do not treat the claimant." Id. This is so because a treating doctor has a greater

7   opportunity to know and observe the patient as an individual. Id.; Smolen, 80 F.3d at 1285. "At

8   least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected

9   only for 'clear and convincing' reasons." Lester, 81 F.3d at 830 (quoting Baxter v. Sullivan, 923

10  F.2d 1391, 1396 (9th Cir. 1991)). Of course, the ALJ need not give weight to conclusory

11  opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113-14 (9th

12  Cir. 1999); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

13         "Even if the treating doctor's opinion is contradicted by another doctor, the

14  Commissioner may not reject this opinion without providing 'specific and legitimate reasons'

15  supported by substantial evidence in the record for so doing." Lester, 81 F.3d at 830 (quoting

16  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)). If a treating professional's opinion is

17  contradicted by an examining professional's opinion that is supported by different, independent

18  clinical findings, the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th

19  Cir. 1995) (citing Magallanes, 881 F.2d at 751). The opinion of a non-examining professional,

20  without other evidence, is an insufficient basis for rejecting the opinion of either a treating or

21  examining professional. Lester, 81 F.3d at 831.

22         The record before the court includes extensive treatment records from multiple

23  treating sources: Dr. Zoglio's certificate of disability dated June 25, 2003 (tr. at 162); Dr.

24  Bugola's supplementary certificate dated August 20, 2003 (tr. at 163); records from Sutter Center

25  for Psychiatry covering the period from August 17, 2003, to August 22, 2003 (tr. at 165-205);

26  records from Kaiser Sacramento/North covering the period from June 12, 2003, to October 16,

2003 (tr. at 206-32); records from River City Recovery Center covering the period from September 2, 2003, to November 1, 2003 (tr. at 233-47); records from Kaiser North Psychiatry covering the period from June 5, 2003, to January 27, 2004 (tr. at 248-64); records from Loaves and Fishes/Genesis Mental Health Program covering the period from December 12, 2003, to May 3, 2004 (tr. at 298-312); records from Sacramento County DHHS Mental Health Division covering the period from May 25, 2004, to October 29, 2004 (tr. at 341-58); and Dr. Zoglio's Medical Assessment of Ability to do Work-Related Activities (Mental), dated January 6, 2005 (tr. 359-61).  The record includes four forms completed by state agency consultants:  a psychiatric review technique form dated February 23, 2004 (tr. at 267-80); a mental residual functional capacity assessment form dated March 8, 2004 (tr. at 283-86); a physical residual functional capacity assessment form dated March 9, 2004 (tr. at 290-97); and a psychiatric review technique form dated June 2, 2004 (tr. at 317-30).

Plaintiff offered extensive evidence from her treating physicians, while the Commissioner produced four reports by physicians who never treated or even examined plaintiff. Despite the evidence from treating sources, the ALJ rejected the January 6, 2005 opinion of Dr. Zoglio, the psychiatrist who began treating plaintiff in 2002 for depression and mood swings and diagnosed her as suffering from bipolar disorder, and instead adopted the March 8, 2004 and June 2, 2004 opinions of a state agency physician who did not examine or treat plaintiff and who indicated that, without DAA, plaintiff's marked functional limitations would be reduced to moderate in degree and her moderate functional limitations would be reduced to mild.

The ALJ gave three reasons for adopting the state agency physician's opinions. First, the ALJ found their findings and conclusions to be "supported by objective clinical signs and findings noted above," a finding presumably based on plaintiff's history of denying substance abuse, noncompliance with medication, and recognition that her mental condition worsens when she drinks and uses drugs.  (Tr. at 19-21.)  Second, the ALJ found it significant that plaintiff's "mental condition improves when she is compliant with medications and avoids

1 drugs and alcohol." (Tr. at 21.) Third, the ALJ concluded that Dr. Zoglio's opinion did not take

2 into consideration the effect of DAA on plaintiff's functioning. The possibility that plaintiff's

3 functioning was not affected by DAA when Dr. Zoglio wrote his opinion in January 2005 was

4 rejected by the ALJ with the observation that plaintiff "is not truthful about her drug and alcohol

5 use," although the ALJ himself relied on plaintiff's own testimony concerning her drug and

6 alcohol use. (Tr. at 21.)

7        The undersigned finds that the ALJ's cited reasons for rejecting the treating

8 psychiatrist's opinion in favor of the opinion of a nontreating, nonexamining physician are not

9 specific and legitimate reasons supported by substantial evidence in the record. If the evidence

10 from plaintiff's treating sources is properly credited, the record compels a conclusion that

11 plaintiff's bipolar disorder would persist even if she stopped using alcohol and/or drugs because

12 the bipolar disorder is exacerbated, but not caused, by DAA.[3] This finding contradicts the

13 opinion of the state agency physician that plaintiff's marked limitations would be reduced to

14 moderate and her moderate limitations would be reduced to mild if she stopped using alcohol

15 and/or drugs.

16        The undersigned also finds that the ALJ's emphasis on evidence of plaintiff's

17 tendency to relapse and to under-report her substance abuse misses the mark because while such

18 tendencies may constitute evidence of plaintiff's chemical dependency, they do not constitute

19 evidence that plaintiff's bipolar disorder is not disabling. See Holohan v. Massanari, 246 F.3d

20 1195, 1209 (9th Cir. 2001) ("[A] determination that drug addiction and alcoholism 'contributes'

21 to a claimant's disability is importantly different from a determination that [it is a] 'contributing

22

23    [3] Plaintiff's suicide attempt in August 2003 demonstrates the relationship between
plaintiff's bipolar disorder and her DAA. Plaintiff had a manic episode approximately three
24 weeks before she attempted suicide by taking 19 Vicodin tablets. The manic episode was
followed by symptoms of depression. During the depressive period, plaintiff formed a plan to
25 attempt suicide. Plaintiff took the Vicodin tablets at 3:00 a.m. in the morning and then drank a
six-pack of beer. She called for help between 8:00 and 9:00 a.m. Before drinking the six-pack of
26 beer, plaintiff had not had a drink for two weeks. (Tr. at 167, 191-92, 254.)

11

1   factor[ ] material to' a claimant's disability.  In the former case, but not in the latter, a claimant

2   may be disabled notwithstanding her or his alcoholism or drug abuse.").

3                                              **CONCLUSION**

4          The Commissioner improperly credited the opinion of a non-treating, non-

5   examining physician over the opinion of plaintiff's treating psychiatrist, and failed to distinguish

6   between substance abuse contributing to plaintiff's disability and the disability that would remain

7   after plaintiff stopped using drugs and alcohol.  When the treating psychiatrist's opinion is

8   properly credited and the evidence of plaintiff's chemical dependency is correctly viewed as

9   such, it becomes evident that plaintiff's drug abuse and/or alcoholism exacerbates her bipolar

10  disorder but is neither the cause of plaintiff's bipolar disorder nor a contributing factor material

11  to the disability caused by that disorder.

12          In light of the errors identified above, it is unnecessary to address plaintiff's

13  arguments that the ALJ did not provide legally sufficient reasons for rejecting plaintiff's

14  testimony and that the ALJ erred in finding her not disabled based on application of the grids,

15  despite her significant non-exertional limitations.

16          The decision whether to remand a case for additional evidence or to simply award

17  benefits is within the discretion of the court.  Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir.

18  1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  In this regard, the Ninth Circuit has

19  stated that, "[g]enerally, we direct the award of benefits in cases where no useful purpose would

20  be served by further administrative proceedings, or where the record has been thoroughly

21  developed." Ghokassian, 41 F.3d at 1304 (citing Varney v. Sec'y of Health & Human Servs.,

22  859 F.2d 1396, 1399 (9th Cir. 1988)).  This rule recognizes the importance of expediting

23  disability claims.  Holohan, 246 F.3d at 1210; Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at

24  1401.

25          Here, the Commissioner did not provide legitimate reasons for rejecting the

26  treating psychiatrist's opinion, and the Commissioner erred in finding drugs and/or alcohol to be

1  a material contributing factor in the determination of plaintiff's disability.  Once the treating

2  psychiatrist's opinion is properly credited and it is determined that plaintiff's disability would

3  persist even if she stopped using alcohol or drugs, the record establishes that plaintiff is entitled

4  to benefits as a matter of law.[4]  Moreover, plaintiff filed her disability application more than three

5  and a half years ago, and no useful purpose would be served by delaying this matter further for

6  additional administrative proceedings.  This matter should therefore be remanded with the

7  direction to grant benefits.  See Moore v. Comm'r of Soc. Security Admin., 278 F.3d 920, 925

8  (9th Cir. 2002) (remanding for payment of benefits where the ALJ improperly rejected the

9  testimony of the plaintiff's examining physicians); Ghokassian, 41 F.3d at 1304 (awarding

10  benefits where the ALJ "improperly discounted the opinion of the treating physician").

11              In accordance with the above, IT IS HEREBY ORDERED that:

12              1.  Plaintiff's motion for summary judgment is granted;

13              2.  Defendant's cross-motion for summary judgment is denied;

14              3.  The decision of the Commissioner of Social Security is reversed; and

15              4.  The case is remanded with the direction to grant benefits.

16  DATED: September 20, 2007.

17

18  _____

19  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

20  DAD:kw
    Ddad1/orders.socsec/netherton1354.order

21

22

23  _____

24      [4]  In his January 6, 2005 opinion, Dr. Zoglio found that plaintiff suffers from bipolar
    disorder, with episodes of mania and depression.  Plaintiff has poor concentration and poor
25  judgment, as well as poor or no useful ability to:  deal with the public; use judgment; deal with
    work stresses; function independently; maintain attention and concentration; understand,
26  remember, and carry out simple to detailed or complex instructions; relate predictably in social
    situations; and demonstrate reliability.  (Tr. at 359-60.)